37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William A. Bell BEY, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 93-2407.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and McCALLA, District Judge.*
 
 ORDER
 
 2
 Plaintiff Bell Bey appeals a summary judgment for the defendants in this prisoner civil rights action filed under 42 U.S.C. Secs. 1983 and 1985(3). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Michigan inmate William Bell Bey filed a civil rights complaint alleging he suffered various First and Fourteenth Amendment violations. Bell Bey named as defendants several officials and employees of the Ionia [Michigan] Maximum Facility (IMAX) and the Michigan Department of Corrections (MDOC) in their individual and official capacities. A lengthy series of responsive pleadings and motions ensued, culminating in a motion for summary judgment filed by the defendants. The district court ultimately granted this motion and denied Bell Bey's subsequent request for rehearing. The parties have briefed the issues; Bell Bey is proceeding without benefit of counsel.
 
 
 4
 The district court held there was no substance to any of Bell Bey's allegations, that is, the incidents complained of did not rise to the level of constitutional violations. On appeal, Bell Bey challenges the district court's findings as well as that court's impartiality. An examination of the record and law support the district court's conclusion in its entirety.
 
 
 5
 William Bell Bey is a well-known prison litigator. Bell Bey made a discovery request of prison officials in the course of one of his prior lawsuits during his incarceration at IMAX. In the request, Bell Bey apparently wanted copies of the official "Oath of Office" taken by several prison employees. Copies of the documents were forwarded to Bell Bey without any of the parties or attorneys noticing that the affiants' birthdates and social security numbers were listed on the respective Oaths. Birthdates and social security numbers of prison employees are considered privileged information owing to the obvious potential for abuse if acquired by an inmate. This oversight first came to the attention of IMAX authorities in 1990 when Bell Bey asked to have these documents copied for him. A decision was then made to search Bell Bey's cell, confiscate the Oaths and mark out the privileged information. During the search, the guards found a page in Bell Bey's cell that had been ripped from a prison library book. Bell Bey received a misconduct violation for being in possession of this material. Also, Bell Bey became unruly while being held in another area of the prison during the search of his cell and incurred another misconduct ticket for which he was subsequently found guilty. The present litigation stems from these core events, although the six volumes of pleadings are rife with Bell Bey's attempts to relitigate every complaint he has ever had with the Michigan penal system. In typical shotgun fashion, Bell Bey contends these actions amounted to interference with his right of access to the courts, an unreasonable search and seizure, retaliation for filing lawsuits, an abridgment of his due process and equal protection rights, and cruel and unusual punishment.
 
 
 6
 The district court analyzed in depth the claims concerning access to the courts, retaliatory disciplinary proceedings and denial of due process. The court concluded that the defendants were entitled to summary judgment on the merits of these claims. The court rejected the remainder of Bell Bey's contentions as lacking any support in the record.
 
 
 7
 On appeal, Bell Bey submitted a pro se brief in which he asserts that the court erred in ignoring his allegations regarding the improper reading and confiscation of his legal materials. Bell Bey additionally asserts, as he has in previous unrelated appeals, that the trial judge was biased and clearly a part of the vast conspiracy against Bell Bey.
 
 
 8
 A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine", a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 9
 The evidentiary material of record amply supports the district court's decision. The district court appropriately noted that an inmate does not have a constitutionally cognizable Fourth Amendment interest in the contents of his cell or person. Hudson v. Palmer, 468 U.S. 517, 525-28 (1984). It is plain that Bell Bey was, in fact, in possession of sensitive information (albeit through no fault of his own). The authorities acted swiftly and within reason to retrieve or obliterate it and, in so doing, happened upon contraband in Bell Bey's cell. There is no evidence or allegation that this action actually impeded any of Bell Bey's numerous lawsuits.
 
 
 10
 Bell Bey's claim of retaliatory misconduct tickets is likewise completely refuted by the record. Bell Bey admitted that he purposefully engaged in the unruly behavior for which he was "written up." Other evidentiary material reflects that Bell Bey was indeed in possession of pages from at least one library book, that he was not authorized to have these pages and that his only defense was that someone gave them to him.
 
 
 11
 Finally, the record contains documentary evidence showing that Bell Bey has been accorded a virtually unending series of post-deprivation and disciplinary hearings and appeals. It is difficult to imagine that this claim is anything more than another example of Bell Bey's unhappiness with his state of incarceration.
 
 
 12
 It is noted that Bell Bey's appellate brief contains several wholly unsupported and nonsensical accusations that United States District Judge Benjamin Gibson is a part of a wide-ranging conspiracy against Bell Bey and that his decision in this matter is illegal and without principle. We caution Bell Bey against further unfounded allegations of this nature and will not hesitate in the future to impose any sanctions that may be appropriate.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, U.S. District Judge for the Western District of Tennessee, sitting by designation